*760 ON APPLICATION FOR WRIT OF CERTIORARI, MANDAMUS AND PROHIBITION
EN BANC.
SAVOY, Judge.
This matter is before us on a writ by plaintiff-relator following a ruling that defendant Moity, publisher of Scope did not have to answer certain questions during depositions requested by counsel for relator under the provisions of LSA-C.C.P. Article 1436.
Plaintiff Roy filed a defamation suit against Moity and the Jearco Corporation of Louisiana, Inc. in connection with certain articles which appeared in several issues of Scope and which were derogatory of Roy.
During the deposition, the following pertinent testimony was transcribed:
“Q. Do you know Mary Day?
“A. Who?
“Q. Mary Day.
“A. Mary Day. That name — there is a a Day woman called me from New Orleans. I don’t know that her name is Mary. I thought it was—
“Q. When did she call you?
“A. I don’t know.
“Q. About when?
“A. I don’t know.
“Q. Well, when you said she called, I take it this is what reminds you that you know someone by the name of Day.
“A. I have never seen this person.
“Q. You don’t know a Mary Day personally ?
“By Mr. Koury: I’m going to object to any further questions concerning this Mary Day unless counsel will explain to us or tell us what is the relevancy of her testimony.
“By Mr. Simon: Discovery.
“Mr. Koury: — Insofar as the libel suit is concerned.
“Mr. Simon: It’s relevant in the sense that it leads to this evidence that is admissible in my judgment. This is discovery as well as for other purposes.

“By Mr. Simon:
“Q. Have you ever known of any person by the name of Mary Day?
“A. Not to my knowledge.
“Q. Did you know this person whom you said called you on the telephone ?
“Mr. Koury: I am going to instruct my client at this time not to answer that question unless they can tell us what the relevancy of this testimony is to this libel suit.
“Mr. Simon: The relevance is to show that this witness Moity engaged in the act of complicity with Mary Day in connection with the defamation of Mr. Roy. That’s the purpose.
“Mr. Koury: That’s pertinent to the articles complained of in this libel suit?
“Mr. Simon: That’s correct.
“Mr. Koury: Alright. I’ll let you go on further and see what develops here.
“By Mr. Simon:
“Q. Now, can you state approximately when you received the telephone call from this female who said she was a Day?
“A. It was sometimes in November I believe.
“Q. What year?
“A. Of 1968.
“Q. Where did she call from?
*761 “A. I don’t know. Oh, from New Orleans. She stated — I don’t know where from.
“Q. Did you ever see this person ?
“A. Never have.
“Q. Do you know a Mary Day?
“A. Not to my knowledge.
“Q. Who is otherwise known as Theda Arena.
“A. Never heard of that name.
“Q. And you never heard of Mary Day?
“A. The name Mary Day — not to my knowledge.
“Q. What was her first name of this Day person?
“A. If my memory setves me correctly and again I’m speaking from memory, I think she said Doris Day.
“Q. What did she call for?
“Mr. Koury: I’m going to object at this time on the grounds that it’s not relevant to the libel suit and I would like counsel to state at this time if he is attempting to get matters that may concern the extortion criminal case that is not pending and if he thinks that this extortion case is relevant to the libel suit.
“Mr. Simon: I stated my purpose, counsel, I’m not going to restate it.
“Mr. Koury: I object to the questions unless you state that you believe this is relevant insofar as the extortion case is concerned also.
“By Mr. Simon:
“Q. This Doris Day, did you ever meet her?
“Mr. Koury: Don’t answer any questions; further questions in regards to Doris Day.
“By Mr. Simon:
“Q. Do you refuse to answer the questions on the instruction of your counsel ?
“A. That’s correct.
“Q. Do you know Wildcat Frenchy? Just answer if you know. We don’t have to have your expressions.
“A. Never heard of that.
“Q. You din’t know a female that goes by the name of Wildcat Frenchy?
“A. No.
“Q. You refuse to answer any questions as to Mary Day?
“A. My counsel has spoken.
“By Mr. Simon: We now interrupt the deposition for the purpose of getting an order of the court to compel answers to these questions concerning Mary Day and so notifying counsel. And we also give notice to suspend the remaining depositions until the motion to compel answers as to Mary Day and his involvement with Mary Day has been given.”
Upon failure of Moity to answer some of the questions propounded to him by counsel for plaintiff, counsel for relator interrupted the depositions and filed a rule on Moity to show cause why Moity should not be forced to answer the questions. After a hearing on the rule, the district judge, on June 6, 1969, ruled that the questions were not relevant to the case and held that Moity did not have to answer.
The authority for the depositions in the instant case is found in LSA-C.C.P. Article 1436 and provides the following:
“A party may take the testimony of any person, including a party, by deposition upon oral examination of written interrogatories for the purpose of discovery or for use as evidence in the action or for both purposes. After commencement of the action the deposition may be taken without leave of court, except that leave, granted with or without notice, must be obtained if notice of the taking is served *762 by the plaintiff within fifteen days after commencement of the action. The attendance of witnesses may be compelled by the use of subpoena as for witnesses in trials. The deposition of a person confined in prison may be taken only by leave of court on such terms as the court prescribes.
“Unless otherwise ordered by the court as provided by Article 1452 or 1454, the deponent may be examined regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action, whether it relates to the demand or defense of the examining party or to the demand or defense of any other party, including the existence, description, nature, custody, condition, and location of any books, documents, or other tangible things and the identity and locations of persons having knowledge of relevant facts. It is not ground for objection that the testimony will be inadmissible at the trial if the testimony sought appears reasonably calculated to lead to the discovery of admissible evidence.
“Examination and cross examination of deponents may proceed as permitted at the trial.”
After reading the original and amended petitions filed by plaintiff, we are of the opinion that the questions which Moity refused to answer are pertinent and relevant to the issues in the instant case and were proper under LSA-C.C.P. Article 1436.
For the reasons assigned the order of the district judge dated June 6, 1969, in which the court held that certain questions propounded to defendant, Warren J. Moity, were not relevant, is hereby recalled. It is now ordered that the defendant, Moity, submit to oral examination in accordance with the provisions of LSA-C.C.P. Article 1436. Costs of court to await final determination of the matter.
Ruling of Trial Judge hereby recalled and vacated.